## Hahn & Bro.'s Appeal.

Married women can hold stock and transfer it, but the statute does not empower them to contract to pay for it. Their subscriptions for stock create no legal obligation on their part, but as to them are void.

Where a subscription to the capital stock of a corporation is made on the express condition that it shall not be binding unless the whole amount named shall be subscribed, and part of the subscriptions necessary to make that amount are by married women, such subscription, unless there is a waiver of the condition, is void.

Creditors of a corporation whose debts were contracted before a subscription to capital stock and not upon the faith of it, have no better rights in equity, against the subscriber, than the corporation itself has.

(Decided October 4, 1886.)

---

Cited in Hooper v. Central Trust Co. 81 Md. 559, 29 L. R. A. 268, 32 Atl. 505.

Note.—For the effect of agreements conditioned upon joinder by all, see note to Raudenbush v. Bushong, 2 Sad. Rep. 172.

In Cornell's Appeal, 114 Pa. 153, 6 Atl. 258, the same contract was enforced, where there had been a waiver of the defects.

Since the act of June 3, 1887, and June 8, 1893, enlarging the powers of married women, it has beeen held that they may subscribe to stock, and

Appeal by complainants from a decree of the Common Pleas of Northampton County dismissing a bill in equity as to defendant Arndt and charging complainants with one fourth of the costs of the suit. Affirmed.

The facts are stated in the opinion.

*Frank Reeder* and *Henry W. Scott* for appellants.

*Edward J. Fox & Son,* for appellee.—In Caley v. Philadelphia & C. County R. Co. 80 Pa. 367, this court said: "Where one subscribes to the stock of a public corporation prior to the procurement of its charter, such subscription is to be regarded as absolute and unqualified, and any condition attached thereto is void. Bedford R. Co. v. Bowser, 48 Pa. 29. . . . When, however, the company is once organized, a different order prevails. Such a company may receive conditional subscriptions for its stock; and, when it does so do, it is bound to the performance of the conditions therein contained. Pittsburgh & C. R. Co. v. Stewart, 41 Pa. 54; Philadelphia & W. C. R. Co. v. Hickman, 28 Pa. 318."

The subscriptions of the married women were void; and the condition was not fulfilled, for a void subscription is no subscription. Dorrance v. Scott, 3 Whart. 313, 31 Am. Dec. 509; Caldwell v. Walters, 18 Pa. 79, 55 Am. Dec. 592; Glyde v. Keister, 32 Pa. 85; Wolbach v. Lehigh Bldg. Asso. 84 Pa. 211; Phillips v. Covington & C. Bridge Co. 2 Met. (Ky.) 219 (cited in note to Ang. & A. Priv. Corp. § 342; Green's Brice, Ultra Vires, p. 106).

OPINION BY MR. JUSTICE TRUNKEY:

This case differs from Cornell's Appeal in some material

become incorporators. Married Women Corporators, 18 Pa. Co. Ct. 492, 5 Pa. Dist. R. 742, 3 Lack. Legal News, 2. See, *contra, Re* Piso Co. 15 Pa. Co. Ct. 348, 3 Pa. Dist. R. 812; *Re* New Century Club Soc. 9 Pa. Co. Ct. 355, decided prior to the act of 1893, but subsequent to that of 1887. And it was held under the act of April 9, 1879 (P. L. 16) that they could become incorporators in all associations organized for benevolent, religious, or charitable purposes. *Re* First Independent Ladies' Aid Soc. 1 Pa. Dist. R. 754, 23 Pittsb. L. J. N. S. 105.

facts.   The facts common to both are referred to in the opinion filed in that case.

Dr. Arndt paid nothing, and attended no meetings of the stockholders.   He was a stockholder, having subscribed originally for shares of the capital stock of the company, and he subscribed for twenty shares of the increase, upon the parol stipulation that it was to be paid when the furnace should be put in blast.   In his testimony he makes no pretense that the furnace was to be put in blast by the company itself, and not by a tenant; and he knew that the money was being raised for the purpose of putting the furnace in running order.   He made but one subscription, and there is no evidence that he knew that his was on different terms from any of those subscribed before. He knew nothing of the final efforts to make up the stipulated sum, in which his codefendants participated.

. The able and industrious counsel of appellants point to no act by Dr. Arndt showing a waiver of the defect, or acceptance of the subscription as if its condition were satisfied.

In this case no fraud is alleged.   The subscriptions of the married women were carelessly accepted as valid by those who were active, but Dr. Arndt in no instance was an active party. It does not appear that he knew that the amount of the subscriptions of the married women was necessary to make up the requisite sum, prior to the beginning of this suit.   Married women can hold stock, and transfer it, but the statute does not empower them to contract to pay for stock.   Their subscriptions create no legal obligation on their part.   As to them the contracts are void.

The corporation could not have collected this subscription, for there was not compliance with its condition.   True, the amount wanting is small, a fact to consider were there any evidence of waiver by Arndt.   But in absence of such evidence, there must at least be a contractual obligation for the entire sum.   A void subscription is the same as none; it is not like that of an insolvent.   The appellants have no equity to overcome the failure to comply with the condition, for the credit was not given on the faith of this subscription.   These debts were contracted before the increase of the capital stock, and there is no reason for hold-

ing that the creditors have any better rights in equity against the subscribers of the new shares than belonged to the company itself. Morawetz, Priv. Corp. § 597.

Decree affirmed and appeal dismissed, at the costs of appellants.